IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:14-CV-01304-LTB-MJW

CHARLES MATTHYS, a Texas citizen,
TYLER MATTHYS, a Texas citizen, and
LINDA PHILLIPS, a New Mexico citizen,

        Plaintiffs

v.

NARCONON FRESH START, d/b/a A LIFE WORTH SAVING,
ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL,
NARCONON INTERNATIONAL,
DOES 1-100, ROE Corporations I-X, inclusive,

        Defendants.

---

# PROTECTIVE ORDER (Docket No 40-1)

The Parties, by and through their respective counsel, stipulate and agree that there is good cause for the entry of the following protective order and respectfully request the Court to approve and order the protection sought herein pursuant to Fed. R. Civ. P. 26(c). The interests of both parties are served by issuing a protective order to minimize future discovery disputes by protecting confidential information, while allowing the parties access to confidential material for use in this litigation.

Upon consideration of the parties' Stipulated Motion for Entry of Stipulated Protective Order, and it appearing to the Court that sufficient cause exists under F.R.C.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

1. **SCOPE**

    1.1  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to discovery.

    1.2  As used in this Protective Order, "document" is defined by Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    1.3  Documents, materials, and/or information designated "CONFIDENTIAL" (collectively, "CONFIDENTIAL information") shall be information that is confidential, proprietary, competitively sensitive, trade secret information, and/or implicates common law and statutory privacy interests of Plaintiffs or Defendants.

2. **DESIGNATING CONFIDENTIAL INFORMATION**

    2.1  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

    2.2  Prior to designating any information as CONFIDENTIAL under this Protective Order, counsel for the producing party shall review the information to be

disclosed and designate the information it believes in good-faith is CONFIDENTIAL or otherwise entitled to protection.

3. **CHALLENGING CONFIDENTIAL DESIGNATIONS**

   3.1 Timing

   Any Party may challenge a designation of confidentiality at any time.

   3.2 Notice

   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.

   3.3 Judicial Intervention

   If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the parties will jointly contact the court for a telephonic hearing to resolve the designation dispute. ~~pursuant to Magistrate Judge Watanabe's courtroom rules.~~ The Parties agree and understand that it is the designating party's burden at hearing to establish that the challenged designation is entitled to protection under Rule 26(c). The Parties further agree that the Court has the discretion to award sanctions pursuant to Fed. R. Civ. P. 37(a). The designated documents shall be treated as CONFIDENTIAL information unless and until the Court decides otherwise.

4. **USE OF CONFIDENTIAL INFORMATION**

   4.1 A Party may use CONFIDENTIAL information that is designated by another Party in connection with this case only for prosecuting, defending, or attempting

to settle this litigation. Such CONFIDENTIAL information may be disclosed only to the categories of persons and under the conditions described in this Order.

4.2    A Party must store and maintain CONFIDENTIAL information designated by another Party in a manner that ensures that access is limited to the persons authorized under this Order.

4.3    CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a.    attorneys actively working on this case.

b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case.

c.    the parties, including the officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation.

d.    expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case.

e.    the Court and its employees ("Court Personnel").

f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

g.    deponents, witnesses, or potential witnesses.

    h.  other persons by written agreement of the parties.

4.4  Prior to disclosing any CONFIDENTIAL information to any person listed above in 4.1.c., 4.1.d., 4.1.g., or 4.1.h., counsel shall provide such person with a copy of this Protective Order and obtain from such person an "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, stating that such person has read and agrees to be bound by this Protective Order. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

4.5  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

4.6  No copies, duplications or reproductions of CONFIDENTIAL information may be part of the public record of this case, whether in evidence or otherwise, although this Order does not prohibit use of the documents as evidence in the trial of this case. If any document, material or other information designated herein is used in testimony, discovery responses, or evidence, or is quoted in any brief,

deposition, transcript or other paper filed in this case, such materials and papers shall be tendered to the court for filing under seal [consistent with D.C.Colo.LCivR] and if ~~sealed, sealing~~ shall [restricted access restricted] continue so as to prevent disclosure at the conclusion of the trial and ~~any~~ [restricted] discovery response and deposition will be deemed confidential and will be covered under this Protective Order.

[MJW 8/12/14]

5.  **INADVERTENT DISCLOSURE**

    5.1 Inadvertent Disclosure of Confidential Information

    a.  An inadvertent failure to designate documents and information as "Confidential" shall not constitute a waiver of a claim of confidentiality and shall be corrected by prompt supplemental written notice designating the documents and information as "Confidential." A written notice shall identify with specificity the information or documents that contain Confidential information.

    b.  The designating Party and Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the "Confidential" stamp, with the Designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement.

    c.  The Party receiving the Confidential information shall use its best efforts to immediately retrieve any inadvertently disclosed Confidential information from any persons to whom it gave Confidential information and who is not otherwise entitled to see the Confidential information.

   d. Any dispute regarding corrected designations that the Parties are unable to resolve may be brought before the Court, but all corrected designations shall be binding upon the Parties unless and until the Court orders otherwise.

 5.2 Inadvertent Disclosure of Attorney-Client Privilege or Work Product Documents

   a. An inadvertent production of information, documents, or tangible things that should or could have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity.

   b. In such an event, pursuant to Colorado Rules of Professional Conduct 4.4(b) and (c) and Colorado Ethics Opinion 108, all Parties shall destroy immediately (or return to the produced Party's counsel) all copies of this document and withdraw this document from any use in the above referenced lawsuit.

   c. Any Party discovering the inadvertent or mistaken produced shall notify all other Parties, in writing, within five (5) business days of learning of the inadvertent or mistaken production and shall request or facilitate the return of all information for which an inadvertent or mistaken production is made.

   d. Within ten (10) business days after receiving a written request to do so, the Party receiving those documents shall return to the producing Party any

documents or tangible items that the producing Party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information.

e. Any dispute regarding corrected designations or appropriateness of documents or information subject to this "clawback" provision that the Parties are unable to resolve shall be brought before the Court, but all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise.

5.3 If a Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL information designated by another Party in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately:

a. Notify the designating Party in writing of the unauthorized disclosures;

b. Use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL information;

c. Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

d. Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

6. **CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

    6.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

        a.    Promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

        b.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        c.    Cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose CONFIDENTIAL information may be affected.

    6.2    If the designating Party timely seeks a protective order or otherwise serves written objections to the production of "CONFIDENTIAL" documents, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's written permission.

7. **FINAL DISPOSITION**

    7.1    At the conclusion of this case, unless other arrangements are agreed upon in writing, each document and all copies thereof which have been designated as

CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

8. **MODIFICATION**

   8.1 This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Respectfully Submitted this 11th day of August, 2014

| | |
|---|---|
| *s/ Ryan A. Hamilton* | *s/ Ryan C. Gill* |
| Ryan A. Hamilton, NV Bar #11587 | James F. Parr, Attorney Reg. #18404 |
| HAMILTON LAW | Steven L. England, Attorney Reg. #27268 |
| 5125 S. Durango Dr., Suite C | Ryan C. Gill, Attorney Reg. #37320 |
| Las Vegas, NV 89113 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| (702) 818-1818 | 1700 Lincoln Street, Suite 4000 |
| (702) 974-1139 | Denver, Colorado 80203 |
| ryan@hamiltonlawlasvegas.com | 303-861-7760 |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |

PURSUANT TO STIPULATION, IT IS SO ORDERED. A S Amended Above.

DATED: August 12, 2014    /s/ Michael J. Watanabe

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
*Matthys et al. v. Narconon Fresh Start, et al.*, United States District Court, District of Colorado
Case No. 14-CV-01304-LTB-MJW

My full name is: _____

My address is: _____

My present employer is: _____

My present occupation or job description is: _____

I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment.

I will not disclose any documents covered by the Protective Order except to the attorneys of record in this case and their staff. I will use any such information only with respect to this case.

I will return all documents covered by the Protective Order that come into my possession and all documents or things which I have prepared which contain reference to such information to any attorney representing the party that has employed or retained me at the conclusion of this case.

I agree to submit to the jurisdiction of the United States District Court, District of Colorado for the purposes of enforcement of the Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2014, I presented the foregoing **STIPULATED MOTION FOR PROTECTIVE ORDER** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

Ryan Andrew Hamilton
HAMILTON LAW LLC
5125 South Durango Drive, Suite C
Las Vegas, NV 89113
Ryan@hamlegal.com

David Miller
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202
david@sllawfirm.com

*Attorneys for Plaintiffs*

/Ryan C. Gill
A duly signed original is on file at the Law Offices of LEWIS BRISBOIS