**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-01304-LTB-MJW

CHARLES MATTHYS, a Texas Citizen;
TYLER MATTHYS; a Texas Citizen; and
LINDA PHILLIPS, a New Mexico Citizen.

                Plaintiffs

   v.

NARCONON FRESH START, d/b/a A LIFE WORTH SAVING, INC.;
ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; and
NARCONON INTERNATIONAL.

                Defendants.

---

**DEFENDANT NARCONON FRESH START, d/b/a A LIFE WORTH SAVING, INC,'S FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Comes now Defendant Narconon Fresh Start ("Fresh Start"), by and through its attorneys, Lewis Brisbois Bisgaard and Smith, LLP, as its First Amended Answer to Plaintiffs' First Amended Complaint, state as follows:

**PARTIES**

1. Referring to the allegations contained in Paragraph 1, Defendant is without information sufficient to form a belief that would allow it to admit or deny said allegations.

2. Referring to the allegations contained in Paragraph 2, Defendant admits said allegations.

3. Referring to the allegations contained in Paragraph 3, Defendant admits said allegations.

4. Referring to the allegations contained in Paragraph 4, Defendant Fresh Start admits NI issued a license to Narconon Fresh Start. Defendant denies said allegations. Except as so admitted, Defendant Fresh Start denies each and every allegation contained in said paragraph.

5. Referring to the allegations contained in Paragraph 5, Defendant denies said allegations.

6. Referring to the allegations contained in Paragraph 6, Defendant denies said allegations.

7. Referring to the allegations contained in Paragraph 7, Defendant admits said allegations.

8. Referring to the allegations contained in Paragraph 8, Defendant denies said allegations.

9. Referring to the allegations contained in Paragraph 9, Defendant denies said allegations.

## JURISDICTION AND VENUE

10. Referring to the allegations contained in Paragraph 10, the Defendant admits that there is complete diversity between the parties. Defendant is without information sufficient to form a belief that would allow it to admit or deny the remaining allegations said in Paragraph 10.

11. Referring to the allegations contained in Paragraph 11, Defendant admits said allegations to the extent they are asserted to establish the jurisdiction and venue of the Court. To the extent that any allegation in Paragraph 11 asserts any cause of action against this Defendant, said allegations are denied.

## FACTUAL ALLEGATIONS

12. As to the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint, Defendant is without information sufficient to form a belief that would allow it to admit or deny said allegations.

13. As to the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint, Defendant admits that Fresh Start employee Bryan Randall spoke to Charles about Fresh Start's facility near Fort Collins, Colorado. Defendant denies that Matt Kinser was an employee of Fresh Start. Defendant admits that Bryan Randall spoke to Charles about Fresh Start's facility near Fort Collins, Colorado. Defendant denies that Bryan Randall and Matt Kinser "convinced" Charles to send his son to Fresh Start for treatment. Except as so admitted, Defendant Fresh Start denies each and every allegation contained in said paragraph.

14. Referring to the allegations contained in Paragraph 14, Defendant admits said allegations.

15. Referring to the allegations contained in Paragraph 15, Defendant denies said allegations.

16. Referring to the allegations contained in Paragraph 16, Defendant denies that www.narcononcolorado.org is it's website or that it is used in the referral process. Defendant admits the remaining allegations contained in Paragraph 16.

17. Referring to the allegations contained in Paragraph 17, Defendant denies said allegations.

18. Referring to the allegations contained in Paragraph 18, Defendant admits that on or about February 20, 2014 Charles' son entered Fresh Start. Defendant is without information sufficient to form a belief that would allow it to admit or deny the remaining allegations in Paragraph 18.

19. Referring to the allegations contained in Paragraph 19, Defendant admits that a fee of $31,000 was charged for the Fresh Start program. Defendant is without information sufficient to form a belief that would allow it to admit or deny the remaining allegations in Paragraph 19.

20. As to the allegations contained in Paragraph 20, Defendant admits that it did not have any onsite medical professionals but provided medical services as specified by its treatment program through offsite providers on an immediate basis if necessary. Defendant denies the remaining allegations in Paragraph 20.

21. Referring to the allegations contained in Paragraph 21, Defendant admits that the works of L. Ron Hubbard are part of its treatment program. Defendant Fresh Start admits that the Narconon program is based on the writings of L. Ron Hubbard and that some of his writings have been adapted by the Narconon program for the secular purpose of drug and substance abuse rehabilitation. Except as so admitted, Defendant Fresh Start denies each and every allegation contained in said paragraph.

22. Referring to the allegations contained in Paragraph 22, Defendant Fresh Start admits that the Narconon program is based on the writings of L. Ron Hubbard, the founder of the Scientology religion, and that some of his writings have been adapted by the Narconon program for the secular purpose of drug and substance abuse rehabilitation. Except as so admitted, Defendant Fresh Start denies each and every allegation contained in said paragraph.

23. Referring to the allegations contained in Paragraph 23, Defendant admits that Tyler Matthys chose to participate in its sauna program. Defendant Fresh Start admits that Narconon students participate in a sauna program called the "New Life Detoxification Program." Except as so admitted, Defendant Fresh Start denies each and every allegation contained in said paragraph.

24. As to the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint, Defendant admits that sauna therapy was part of the program utilized to treat Mr. Matthys' addiction but denies that it had him sit in the sauna for six hours per day. Defendant denies that it instructed Mr. Matthys to ingest "dangerous" amounts of Niacin as part of the sauna program but admits that Niacin is used in its program. Defendant Fresh Start admits that

students participate in a sauna regimen and ingesting healthful doses of vitamins, including Niacin. Defendant Fresh Start denies that the New Life Detoxification Program involves dangerous amount of time in a sauna and/or dangerous doses of Niacin. Except as so admitted, Defendant Fresh Start denies each and every allegation contained in said paragraph.

25.     Referring to the allegations contained in Paragraph 25, Defendant Fresh Start admits that its sauna program is part of the New Life Detoxification Program. Defendant Fresh Start admits that Narconon students participate in a sauna program called the "New Lift Detoxification Program." The New Life Detoxification Program was adapted for the secular purpose of treating drug and substance abuse from the "Purification Rundown." Except as so admitted, Defendant Fresh Start denies each and every allegation contained in said paragraph.

26.     Referring to the allegations contained in Paragraph 26, Defendant admits that Niacin and other vitamins are part of its treatment program. Defendant Fresh Start admits that the New Life Detoxification Program involves a healthy exercise, vitamin, and sauna regimen, including healthful doses of Niacin. Defendant Fresh Start denies that the New Life Detoxification Program is dangerous. Defendant is without information sufficient to form a belief that would allow it to admit or deny the remaining allegations in Paragraph 26.

27.     Referring to the allegations contained in Paragraph 27, Defendant denies said allegations.

28.     Referring to the allegations contained in Paragraph 28, Defendant Fresh Start admits that the New Life Detoxification Program involves flushing residual drug toxins from fatty tissues. Except as so admitted, Defendant Fresh Start denies each and every allegation contained in said paragraph.

29.     Referring to the allegations contained in Paragraph 29, Defendant denies said allegations.

30.     Referring to Paragraph 30, said paragraph does not contain any allegations which require a response. To the extent a response is required, Defendant asserts that it is without knowledge or information to address the cited testimony without being provided a full transcript and the pages provided in Exhibit A are not verified.

31.     Referring to the allegations contained in Paragraph 31, this Defendant denies said allegations.

32.     Referring to the allegations contained in Paragraph 32, this Defendant denies said allegations.

33.     Referring to Paragraph 33, said paragraph does not contain any allegations which require a response. To the extent a response is required, Defendant asserts that it is without knowledge or information to address the cited testimony without being provided a full transcript and the pages provided in Exhibit A are not verified.

34.     Referring to the allegations contained in Paragraph 34, Defendant denies said allegations.

35.     Referring to the allegations contained in Paragraph 35, Defendant denies that the Narconon program is used for any type of recruitment purposes. As for the document attached as Exhibit B, the document speaks for itself.

36.     To the extent the allegations contained in Paragraph 36 allege that the goal of the Narconon program is to convert its student to Scientology, the allegation is denied. The Narconon program is based on the writings of L. Ron Hubbard, the founder of the Scientology religion and that some of his writings have been adapted by the Narconon program for the secular purpose of drug and substance abuse rehabilitation. Defendant Fresh Start is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph and on that basis, denies same.

37.     Referring to the allegations contained in Paragraph 37, Defendant denies said allegations.

38.     Referring to the allegations contained in Paragraph 38, Defendant denies said allegations.

39.     Referring to the allegations contained in Paragraph 39, Defendant denies said allegations.

40.     Referring to the allegations contained in Paragraph 40, Defendant denies said allegations.

41.     Referring to the allegations contained in Paragraph 41, Defendant denies said allegations.

## RESPONSE TO CLAIMS OF ALTER EGO LIABILITY

42.     Defendant incorporates by reference it's responses to paragraphs 1-41 as if fully set forth herein.

43.     Referring to the allegations contained in Paragraph 43, Defendant denies said allegations.

44.     Referring to the allegations contained in Paragraph 44, Defendant denies said allegations.

45.     Referring to the allegations contained in Paragraph 45, Defendant denies said allegations.

46.     Referring to the allegations contained in Paragraph 46, Defendant denies said allegations.

47. Referring to the allegations contained in Paragraph 47, Defendant denies said allegations.

## RESPONSE TO FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

48. Defendant Fresh Start incorporates by reference responses to paragraphs 1-47 in Defendant Fresh Start's Answer to Plaintiff's Complaint as if fully set forth herein.

49. Referring to the allegations contained in Paragraph 49, Defendant Fresh Start denies said allegations.

50. Referring to the allegations contained in Paragraph 50, Defendant Fresh Start denies said allegations.

51. Referring to the allegations contained in Paragraph 51, Defendant Fresh Start denies said allegations.

52. Referring to the allegations contained in Paragraph 52, Defendant Fresh Start denies said allegations.

## RESPONSE TO SECOND CLAIM FOR RELIEF
## (FRAUD)

53. Defendant incorporates by reference it's responses to paragraphs 1-52 as if fully set forth herein.

54. Referring to the allegations contained in Paragraph 54, Defendant denies said allegations.

55. Referring to the allegations contained in Paragraph 55, Defendant denies said allegations.

56. Referring to the allegations contained in Paragraph 56, Defendant denies any false statements were made to Plaintiffs.

57. Referring to the allegations contained in Paragraph 57, Defendant denies said allegations.

## RESPONSE TO THIRD CLAIM FOR RELIEF
## (FRAUDULENT CONCEALMENT)

58. Defendant incorporates by reference it's responses to paragraphs 1-57 as if fully set forth herein.

59. Referring to the allegations contained in Paragraph 59, Defendant denies said allegations.

60. As to the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint, Defendant is without information sufficient to form a belief that would allow it to admit or deny said allegations.

61. Referring to the allegations contained in Paragraph 61, Defendant denies said allegations.

62. Referring to the allegations contained in Paragraph 62, Defendant denies said allegations.

### RESPONSE TO FOURTH CLAIM FOR RELIEF
### (NEGLIGENCE)

63. Defendant incorporates by reference it's responses to paragraphs 1-62 as if fully set forth herein.

64. Referring to the allegations contained in Paragraph 64, Defendant denies said allegations.

65. Referring to the allegations contained in Paragraph 65, Defendant denies said allegations.

66. Referring to the allegations contained in Paragraph 66, Defendant denies said allegations.

### RESPONSE TO FIFTH CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

67. Defendant Fresh Start incorporates by reference responses to paragraphs 1-66 in Defendant Fresh Start's Answer to Plaintiff's Complaint as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

### RESPONSE TO SIXTH CLAIM FOR RELIEF
### (NEGLIGENT MISREPRESENTATION)

71. Defendant incorporates by reference it's responses to paragraphs 1-67 as if fully set forth herein.

72. Referring to the allegations contained in Paragraph 72, Defendant denies said allegations.

73. Referring to the allegations contained in Paragraph 73, Defendant denies making any false statements as alleged.

74. Referring to the allegations contained in Paragraph 74, Defendant denies said allegations.

75. Referring to the allegations contained in Paragraph 75, Defendant denies said allegations.

76. Referring to the allegations contained in Paragraph 76, Defendant denies said allegations.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF
### (CLAIM UNDER COLORADO CONSUMER PROTECTION ACT, C.R.S.A. § 6-1-105)

77. Defendant Fresh Start incorporates by reference responses to paragraphs 1-76 as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

### RESPONSE TO EIGHTH CLAIM FOR RELIEF
### (CIVIL RICO FOR MAIL AND WIRE FRAUD, 18 U.S.C. § 1964 (c))

87. (erroneously numbered 83 in Complaint). Defendant Fresh Start incorporates by reference responses to paragraphs 1-86 as if fully set forth herein

88. (erroneously numbered 84 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

89. (erroneously numbered 85 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

90. (erroneously numbered 86 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

91. (erroneously numbered 89 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

92. (erroneously numbered 91 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

93. (erroneously numbered 92 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

94. (erroneously numbered 93 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

95. (erroneously numbered 94 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

96. (erroneously numbered 95 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

97. (erroneously numbered 87 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

98. (erroneously numbered 88 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

99. (erroneously numbered 89 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

100. (erroneously numbered 90 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

**RESPONSE TO NINTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

101. (erroneously numbered 94 in Complaint). Defendant Fresh Start incorporates by reference responses to paragraphs 1-100 as if fully set forth herein.

102. (erroneously numbered 95 in Complaint). Defendant admits that it received a payment of $31,000 in exchange for it's addiction treatment program for Tyler Matthys. Defendant denies that it received any other benefits from Plaintiffs.

103. (erroneously numbered 96 in Complaint). Denied.

104. (erroneously numbered 97 in Complaint). Denied.

## RESPONSE TO TENTH CLAIM FOR RELIEF
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

105. (erroneously numbered 98 in Complaint). Defendant Fresh Start incorporates by reference responses to paragraphs 1-104 as if fully set forth herein.

106. (erroneously numbered 99 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

107. (erroneously numbered 100 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

108. (erroneously numbered 101 in Complaint). Denied. Additionally, the claim was dismissed by the Court on May 4, 2015.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' First Amended Complaint is barred by the applicable statute of limitations.

3. Plaintiffs are not the real parties in interest entitled to pursue recovery of all categories of damages claimed in the First Amended Complaint.

4. Plaintiffs' claims are barred or subject to reduction by virtue of Plaintiffs' comparative fault, including the assumption of the risk of Plaintiff Tyler Matthys in leaving treatment prior completion of his program which such assumption is imputed upon all Plaintiffs.

5. Plaintiff's claims are reduced by Plaintiff's comparative negligence or barred entirely to the extent Plaintiffs' fault exceeds that of Defendant Fresh Start. C.R.S. § 13-21-111. Plaintiffs did not exercise ordinary care, caution or prudence in the conduct of their affairs relating to the allegations of the First Amended Complaint herein for damages in order to avoid the injuries or damages of which Plaintiffs complain; said injuries or damages, if any, were proximately contributed to or caused by the fault, carelessness and negligence of Plaintiffs.

6. Defendant Fresh Start may not be held liable for an amount greater than its percentage of the negligence or fault. C.R.S. § 13-21-111.5. Plaintiffs' claims against ABLE are

barred in whole or in part by the percentage of negligence or fault attributed to Plaintiff, other defendants, and/or non-parties at fault.

7. Defendant Fresh Start is not jointly liable with any other entities that may or may not be named in this action, and will only be severally liable for that portion of Plaintiffs' claims that represent the percentage of negligence attributable to Defendant Fresh Start, if any.

8. Plaintiffs' injuries, if any, were caused in whole or in part by the negligence of a third party or third parties over which Defendant Fresh Start has no control and over whom this Defendant exercised no control and over who this Defendant has no right or duty to exercise control.

9. Plaintiffs' non-economic damages, if any, are limited by C.R.S. § 13-21-102.5. Plaintiffs' damages, if any, are reduced by the amount of any payment received from any collateral source, within the scope of C.R.S. § 13-21-111.6.

10. Plaintiff's claims are barred in whole or in part by assumption of the risk and C.R.S. § 13-21-111.7.

11. Plaintiffs' damages, if any, incurred by Plaintiffs were not attributable to any act, conduct, or omission on the part of Defendant Fresh Start. Defendant Fresh Start denies that it was negligent or otherwise culpable in any matter or in any degree with respect to the matters set forth in Plaintiffs' First Amended Complaint.

12. Plaintiffs' damages, if any, alleged by Plaintiffs were not the result of any acts of omission, commission, or negligence but were the result of a known risk, which was consented to by Plaintiffs.

13. Plaintiffs are barred from asserting any claims against Defendant Fresh Start because the alleged damages were the result of one or more unforeseeable intervening and superseding causes.

14. Plaintiffs claims, or parts thereof, are barred by the doctrine of waiver and estoppel.

15. Plaintiffs failed to mitigate damages, if any.

16. Plaintiffs are equitably estopped from asserting claims for damages due to the conduct of Plaintiff Tyler Matthys.

17. Plaintiffs have failed to plead any claims of fraud with particularity as required by law. Defendant Fresh Start cannot be held liable for claims not alleged with the particularity required to give notice of the claim.

18. Plaintiffs' claims and damages, if any, are barred under the defense of frustration of purpose.

19. Plaintiffs' claims and damages, if any, were the result of unrelated, pre-existent or subsequent conditions unrelated to Defendant Fresh Start.

20. Defendant Fresh Start did not enter into any contract with Plaintiffs.

21. Any claim of Plaintiffs is barred by laches of Plaintiffs in pursuit such claim.

22. Plaintiffs, with full knowledge of all the facts connected with, or relating to, the transaction alleged in the First Amended Complaint, ratified and confirmed in all respects the acts of Defendant Fresh Start by accepting the benefits to Plaintiffs accruing from such acts.

23. The doctrine of unclean hands prevents any recovery by Plaintiffs herein.

24. Plaintiffs have waived any right of recovery from Defendant Fresh Start.

25. Defendant Fresh Start denies any and all liability to the extent that Plaintiffs assert Defendant Fresh Start alleged liability as a parent, alter ego, subsidiary, affiliate, agent, partner, wholly or partially owned by, or the whole or original owner of or member in an entity.

26. Defendant Fresh Start hereby incorporates by reference those affirmative defenses enumerated in Fed. R. Civ. Pro. 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Defendant Fresh Start reserves the right to seek leave of the court to amend this Answer to assert the same. Such defenses are incorporated herein by reference for the purpose of not waiving same.

## **JURY DEMAND**

Defendant Fresh Start demands a jury trial as to all triable issues.

WHEREFORE, Defendant Fresh Start prays for judgment in its favor, costs, expert witness fees, and such other relief as the Court deems just and proper.

Dated: June 10, 2015                    Respectfully Submitted,

By: *Ryan C. Gill*
Ryan C. Gill, Atty. Reg. No.: 37320
Steven L. England, Atty. Reg. No.: 27268
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
303.861.7760
Ryan.Gill@lewisbrisbois.com
Steven.England@lewisbrisbois.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 10th day of June, 2015, I presented the foregoing DEFENDANT FRESH START'S FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to all counsel of record, including the following:

Ryan Andrew Hamilton, Esq.
HAMILTON LAW LLC
5125 South Durango Drive, Suite C
Las Vegas, NV 89113
*Attorneys for Plaintiffs*

David Evan Miller, Esq.
SAEED & LITTLE, LLP
1433 Meridian Street, Suite 202
Indianapolis, IN   46202
*Attorneys for Plaintiffs*

                */Marianne Cassedy*
                A duly signed original is on file at the Law Offices of LEWIS BRISBOIS